WD/MI, GRAND RAPIDS

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 1:97:CR:153-01 |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | **FILED - GR** March 6, 2008 3:56 PM RONALD C. WESTON, SR., CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF MICHIGAN BY: EC / |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Desmond Wade Chicago, IL 60649 | DISTRICT WESTERN DISTRICT OF MICHIGAN | |
|---|---|---|
| | NAME OF SENTENCING JUDGE Hon. Gordon J. Quist, U.S. District Judge | |
| JUDGE KENDALL MAGISTRATE JUDGE NOLAN | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 03/23/06 | TO 03/22/11 |

08CR 0174

OFFENSE

Possession With Intent to Distribute a Quantity of Cocaine Base (Crack Cocaine); 21:841(a)(1)

**FILED**
JN MAR 17 2008
3-17-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "WESTERN DISTRICT OF MICHIGAN"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

JAN 2 8 2008

_____          _____
Date                              Hon. Gordon J. Quist
                                  United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "NORTHERN DISTRICT OF ILLINOIS"

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FEB 2 2 2008

_____          _____
Effective Date                    James F. Holderman
                                  United States District Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
OFFICE OF THE CLERK
www.miwd.uscourts.gov

| 399 Federal Bldg. | B-35 Federal Bldg. | 113 Federal Bldg. | 229 Federal Bldg. |
| --- | --- | --- | --- |
| 110 Michigan St., NW | 410 W. Michigan Ave. | 315 W. Allegan St. | 202 W. Washington St. |
| Grand Rapids, MI 49503 | Kalamazoo, MI 49007 | Lansing, MI 48933 | Marquette, MI 49855 |
| (616) 456-2381 | (269) 337-5706 | (517) 377-1559 | (906) 226-2021 |

March 11, 2008

Northern District of Illinois
U.S. Courthouse
219 S. Dearborn St.
Chicago, IL 60604

FILED
MAR 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

    RE:    USA v. Desmond Wade
            OUR Case No. 1:97-cr-00153  Hon. Gordon J. Quist

Dear Court Personnel:

Pursuant to the enclosed Order for Transfer of Jurisdiction over the above-named supervised releasee to the Northern District of Illinois filed March 6, 2008, we are herewith sending certified copies of our Order of Transfer, Docket Sheet, Indictment, Plea Agreement and Judgment.

Please acknowledge receipt of this transfer case by returning a date-stamped copy of this letter to our court in the enclosed self-addressed envelope. Thank you.

                        Sincerely,

                        Ronald C. Weston, Sr., Clerk

                        /s/ E. Copple

                        By: Deputy Clerk

CLOSED

# United States District Court
## Western District of Michigan (Southern Division (1))
### CRIMINAL DOCKET FOR CASE #: 1:97-cr-00153-GJQ All Defendants
### Internal Use Only

Case title: USA v. Wade
Magistrate judge case number: 1:97-mj-00076

Date Filed: 10/28/1997
Date Terminated: 03/30/1998

Assigned to: Judge Gordon J. Quist

**defendant (1)**

**Desmond Wade**
*TERMINATED: 03/30/1998*
*also known as*
Desmond Waddy

represented by **Sharon A. Turek**
Federal Public Defender (Grand Rapids)
50 Louis St. NW, Ste. 500
Grand Rapids, MI 49503-2633
(616) 742-7420
Email: sharon_turek@fd.org
*TERMINATED: 03/30/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**CERTIFIED ECF DOCUMENT**
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Michigan on 3-11-08

RONALD C. WESTON, SR., CLERK OF COURT
By: _____ Deputy Clerk   Dated: 3-11-08

**Pending Counts**

21:841(a)(1), 21:841(b)(1)(A), 18:2
Possess with intent to distribute cocaine base (crack cocaine)
(1)

**Disposition**

Sentenced to 125 Months imprisonment, 5 Years supervised release, a fine of $5,000 and $100 special assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Brian K. Delaney** <br> U.S. Attorney (Grand Rapids) <br> The Law Bldg. <br> 330 Ionia Ave., NW <br> P.O. Box 208 <br> Grand Rapids, MI 49501-0208 <br> (616) 456-2404 <br> Email: brian.delaney@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/17/1997 | 1 | COMPLAINT (3 pgs) with affidavit in support against Desmond Wade by Magistrate Judge Hugh W. Brenneman Jr. [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |
| 10/17/1997 | 2 | GOVT'S MOTION and ORDER (1 pg) by Magistrate Judge Hugh W. Brenneman Jr. to seal this complaint [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |
| 10/17/1997 | | ARREST Warrant issued for Desmond Wade by Magistrate Judge Hugh W. Brenneman Jr. [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |
| 10/21/1997 | | MINUTES before Magistrate Judge Joseph G. Scoville; first appearance of Desmond Wade without counsel present; deft's request for court appointed counsel granted; Gov't seeks detention; preliminary exam and detention hrg to be set; deft remanded to custody of USM pending hrg; ; (D. Hand, Tape 97-S260) [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |
| 10/21/1997 | 3 | ORDER (1 pg) by Magistrate Judge Joseph G. Scoville as to deft Desmond Wade appointing federal public defender Sharon A. Turek (cc: all counsel) [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |
| 10/21/1997 | 4 | ORDER (1 pg) of temporary detention pending hrg pursuant to Bail Reform Act by Magistrate Judge Joseph G. Scoville as to deft Desmond Wade; preliminary exam and detention hrg set for 10/23/97 at 2:00 p.m. (cc: all counsel) [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |
| 10/22/1997 | 5 | ARREST Warrant returned executed as to Desmond Wade showing deft arrested 10/21/97 [ 1:97-m -76 ] (dmh) (Entered: 10/22/1997) |

| | | |
|---|---|---|
| 10/23/1997 | | MINUTES before Magistrate Judge Joseph G. Scoville; deft Desmond Wade appeared with counsel Sharon Turek for preliminary exam and hrg on Govt's motion for detention; preliminary exam and detention hrg waived by deft; deft remains in custody of USM; arraignment (if Indicted) set for 11/6/97 at 4:30 p.m. (D. Hand, Tape 97-S265) [ 1:97-m -76 ] (dmh) (Entered: 10/23/1997) |
| 10/23/1997 | 6 | WAIVER of preliminary exam by deft Desmond Wade [ 1:97-m -76 ] (dmh) (Entered: 10/23/1997) |
| 10/23/1997 | 7 | NOTICE of hearing by Magistrate Judge Joseph G. Scoville as to deft Desmond Wade; arraignment (if Indicted) set for 11/6/97 at 4:30 p.m. (cc: all counsel) [ 1:97-m -76 ] (dmh) (Entered: 10/23/1997) |
| 10/24/1997 | 8 | NOTICE of Assignment of Sharon Turek as counsel on behalf of deft Desmond Wade with certificate of service [ 1:97-m -76 ] (dmh) (Entered: 10/24/1997) |
| 10/24/1997 | 9 | ORDER OF DETENTION (1 pg) of Desmond Wade pending trial by Magistrate Judge Joseph G. Scoville (cc: all counsel, USM, USPO) [ 1:97-m -76 ] (dmh) (Entered: 10/24/1997) |
| 10/28/1997 | 10 | INDICTMENT (1 pg) against Desmond Wade (1) count 1 (dmh) (Entered: 10/28/1997) |
| 11/06/1997 | | MINUTES before Magistrate Judge Joseph G. Scoville; dft Desmond Wade arraigned; not guilty plea entered; attorney Sharon Turek present; atty Turek to contact AUSA Delaney for date and time for initial ptc/bond hrg and to inform the court; deft remanded to custody of USM; (D. Hand, Tape 97-S279) (dmh) (Entered: 11/10/1997) |
| 11/06/1997 | 11 | DEFENDANT'S RIGHTS as to deft Desmond Wade (dmh) (Entered: 11/10/1997) |
| 11/07/1997 | 12 | INITIAL DISCOVERY ORDER (5 pgs) by Magistrate Judge Joseph G. Scoville as to deft Desmond Wade; (cc: all counsel) (dmh) (Entered: 11/10/1997) |
| 11/18/1997 | 13 | NOTICE of hearing by Magistrate Judge Joseph G. Scoville as to deft Desmond Wade; initial pretrial conference set for at 10:00 a.m. (cc: all counsel) (dmh) (Entered: 11/18/1997) |
| 11/25/1997 | | MINUTES before Magistrate Judge Joseph G. Scoville; initial pretrial conference held as to deft Desmond Wade; (D. Hand, Tape 97-S290) (dmh) (Entered: 11/25/1997) |
| 11/25/1997 | 14 | PRETRIAL CONFERENCE SUMMARY ORDER (1 pg) by Magistrate Judge Joseph G. Scoville as to deft Desmond Wade; mtn filing ddl set for 12/9/97; jury trial estimated to last 1-2 days; sentencing guidelines apply (cc: dft cnsl, US Atty) (dmh) (Entered: 11/25/1997) |
| 11/26/1997 | 15 | ORDER (2 pgs) SETTING FINAL PRETRIAL and TRIAL by Judge Gordon J. Quist as to deft Desmond Wade; final pretrial conference and a |


| | | |
|---|---|---|
| | | hrg on all pending motions set for 12/29/97 at 2:30 p.m. ; jury selection and trial set for 1/13/98 at 9:00 a.m. (cc: all counsel, USM, USPO) (dmh) (Entered: 11/28/1997) |
| 12/01/1997 | 16 | LETTER from the court to all counsel correcting date in Order setting final pretrial conference and trial date; cc: USM, USPO, all counsel (dmh) (Entered: 12/01/1997) |
| 12/19/1997 | | MINUTES before Magistrate Judge Joseph G. Scoville; deft Desmond Wade appeared with counsel Sharon Turek and signs consent allowing the magistrate judge to preside over the guilty plea hrg; guilty plea entered by Desmond Wade (1) on count 1; presentence report ordered; deft's request for bond denied and he remains in custody of USM; (D. Hand, Tape 97-S318) (dmh) (Entered: 12/30/1997) |
| 12/19/1997 | 17 | CONSENT (STIPULATION) between AUSA Delaney, atty Turek and deft Desmond Wade allowing the magistrate judge to preside over the guilty plea hrg and ordering transcript (dmh) (Entered: 12/30/1997) |
| 12/19/1997 | 18 | PLEA AGREEMENT ( 8 pgs) as to Desmond Wade (cc: US Atty, Probation) (dmh) (Entered: 12/30/1997) |
| 12/22/1997 | 19 | REPORT AND RECOMMENDATION (2 pgs) by Magistrate Judge Joseph G. Scoville that the guilty plea entered by deft Desmond Wade be accepted (cc: all counsel) (dmh) (Entered: 12/30/1997) |
| 12/30/1997 | 20 | NOTICE of hearing by Judge Gordon J. Quist as to deft Desmond Wade; sentence hrg set for 3/24/98 at 3:00 p.m. (cc: all counsel, USM, USPO) (dmh) (Entered: 01/02/1998) |
| 01/14/1998 | 21 | TRANSCRIPT of Plea Hrg. as to deft Desmond Wade held 12/19/97 before Magistrate Judge Joseph G. Scoville; transcribed by Patricia Pritchard (dmh) (Entered: 01/14/1998) |
| 02/23/1998 | 22 | NOTICE of hearing by Judge Gordon J. Quist as to deft Desmond Wade sentence hrg rescheduled from 3/24/98 to 3/30/98 at 11:00 a.m. (cc: all counsel, USM, USPO) (dmh) (Entered: 02/23/1998) |
| 03/27/1998 | 23 | SENTENCING memorandum by Desmond Wade with certificate of service and attached copy of plea agreement (dmh) (Entered: 03/30/1998) |
| 03/30/1998 | 24 | GOVT'S MOTION for downward departure (review of Guideline application/computation) as to Desmond Wade with brief in support and certificate of service (dmh) (Entered: 03/30/1998) |
| 03/30/1998 | | MINUTES before Judge Gordon J. Quist sentencing Desmond Wade (1) on count 1 to 125 Months imprisonment, 5 Years supervised release, a fine of $5,000 and $100 special assessment; deft remanded to custody of USM; terminating party and case as to deft Desmond Wade; Diane Calsbeek, court reporter (dmh) (Entered: 03/31/1998) |
| 03/31/1998 | 25 | ACKNOWLEDGEMENT OF RECEIPT of appeal packet by atty Sharon Turek and deft Desmond Wade (dmh) (Entered: 03/31/1998) |

| 04/02/1998 | 26 | JUDGMENT (6 pgs) in a Criminal Case as to deft Desmond Wade by Judge Gordon J. Quist (cc: dft cnsl, US Atty, USM, USPO) (dmh) (Entered: 04/02/1998) |
|---|---|---|
| 03/29/1999 | 27 | GOVT'S MOTION to reduce sentence of Desmond Wade pursuant to F.R.Cr.P. 35(b) with brief in support and certificate of service (mj) (Entered: 03/30/1999) |
| 04/13/1999 | 28 | ORDER (1 pg) by Judge Gordon J Quist granting govt's motion to reduce sentence of Desmond Wade pursuant to F.R.Cr.P. 35(b) [27-1]; sentence is reduced from 125 months to 84 months CAG; all other terms and conditions of judgment remain the same (cc: all counsel, USM, USPO) (mj) (Entered: 04/14/1999) |
| 03/06/2008 | 29 | PROBATION/SUPERVISED RELEASE JURISDICTION TRANSFERRED to Northern District of Illinois as to Desmond Wade (elc) (Entered: 03/07/2008) |
| 03/11/2008 | 30 | TRANSMITTAL LETTER sending documents regarding transfer of jurisdiction of probationer/supervised releasee Desmond Wade to Northern District of Illinois (elc) (Entered: 03/11/2008) |

UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DESMOND WADE,
a/k/a Desmond Waddy,

    Defendant.

No. 1:97-CR-153

Hon. Gordon J. Quist

**INDICTMENT**

FILED (GR)
U.S. District Court Clerk
Ronald C. Weston, Sr.
OCT 2 8 1997
Western Michigan

The Grand Jury charges:

### COUNT 1

On or about September 26, 1997, within the Southern Division of the Western

District of Michigan,

**DESMOND WADE,
a/k/a Desmond Waddy,**

did knowingly, willfully and unlawfully possess with intent to distribute a quantity of

cocaine base (crack cocaine), a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
18 U.S.C. § 2

MICHAEL H. DETTMER
United States Attorney

BRIAN K. DELANEY (P46101)
Assistant United States Attorney

CERTIFIED
ECF DOCUMENT

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Michigan on 10-28-97

RONALD C. WESTON, SR., CLERK OF COURT

By: _____ Dated: 3-11-08
    Deputy Clerk

-10-

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

FILED - GR
97 DEC 19 PM 3:41
RONALD ... SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**DESMOND WADE,**
a/k/a Desmond Waddy,

        Defendant.

No. 1:97-CR-153

Hon. Gordon J. Quist

CERTIFIED
ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Michigan on 12-19-97

RONALD C. WESTON, SR., CLERK OF COURT
By S. Cooper, Deputy Clerk    Dated: 3-11-08

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Michael H. Dettmer, United States Attorney for the Western District of Michigan, and Brian K. Delaney, Assistant United States Attorney, and Defendant, Desmond Wade, and his attorney, Sharon A. Turek, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into an agreement resolving this matter by a plea of guilty under the following terms and conditions:

    1.    In the Western District of Michigan, Defendant, Desmond Wade, agrees to plead guilty to Count 1 of the Indictment, which charges Defendant, Desmond Wade, with possession with intent to distribute a quantity of cocaine in violation of Title 21, United States Code, Section 841(a)(1). Defendant realizes that Count 1 is punishable by a minimum of ten (10) years imprisonment and a maximum term of life imprisonment,



a maximum fine of not more than $4,000,000, a term of supervised release of at least five (5) years following incarceration, and a mandatory $100 special assessment.

    2.    Defendant has had explained to him by his counsel, and acknowledges his understanding of, the following:

    a.    The nature of the charges in Count 1 of the Indictment to which Defendant is pleading guilty.

    b.    The minimun penalty to which Defendant could be sentenced is 10 years imprisonment and a maximum sentence of life imprisonment, a fine of not more than $4,000,000, a period of supervised release of at least 5 years, and a mandatory $100 special assessment.

    c.    Defendant is aware of his right to be represented by an attorney at every step of the proceeding against him and that, if Defendant cannot afford to pay an attorney, the Court will appoint an attorney to represent Defendant at no cost to Defendant.

    d.    Defendant has the right to plead not guilty and to persist in that plea of not guilty.

    e.    Defendant has the right to be tried by a jury of his peers who would decide what the facts are, and who would be instructed by the Court that they could not convict Defendant unless and until each and every member of the jury believed that the United States had proved beyond a reasonable doubt that Defendant was guilty of the offense charged.

    f.    Defendant can waive a jury trial and seek to have the case tried by the Court. With the consent of the United States and the approval of the Court, the case would then be tried before the judge alone, who would have to be convinced of Defendant's guilty beyond a reasonable doubt before Defendant would be found guilty.

    g.    Defendant is presumed to be innocent and that presumption would remain throughout any trial unless and

until the United States proved Defendant guilty beyond a reasonable doubt.

h.   Defendant has a right to a trial at which he would have the assistance of a lawyer, the right to confront and cross-examine witnesses against him, and the right to have the Court order witnesses to testify who Defendant wanted to testify on his behalf.

i.   Defendant could not be compelled to incriminate himself, and he would not have to testify if he decided not to. The fact that Defendant might decide not to testify in his own defense could not in any way be held against him.

j.   If Defendant were found guilty after a trial, he would be able to appeal the verdict to an appellate court, and he could have a lawyer represent him in such an appeal. That appellate court might reverse the conviction.

k.   By pleading guilty, Defendant is waiving all rights to appeal the legality of the sentence, except the right to appeal a violation of a plea agreement, or a defect in the change of plea proceedings.

3.   Defendant expressly informs the Court that this plea of guilty is completely voluntary on his part, and that it is not the result of any force or promise from anyone, apart from the plea agreement of which the Court is being informed. No one has promised or guaranteed Defendant what sentence the Court will impose, and Defendant understands that the Court can impose the maximum sentence provided by law.

4.   Defendant is pleading guilty because he is guilty of the charge contained in Count 1 of the Indictment to which he is pleading guilty.

5.   Defendant understands that the Court will place Defendant under oath and ask certain questions to which Defendant must respond truthfully. If Defendant

3

willfully and falsely answers questions under oath, on the record, and in the presence of his lawyer, his answers may later be used against him in a prosecution for perjury or making false statement.

6. Defendant understands and agrees that insofar as the offense charged in Count 1 of the Indictment/Information postdates November 1, 1987, the effective date of the Sentencing Guidelines of the United States Sentencing Commission, a guilty plea subjects him to sentencing under those guidelines.

7. The following agreement has been reached between the United States and Defendant concerning the disposition of the Indictment:

    a. <u>Promises by Defendant</u>

        1) Defendant agrees to plead guilty to Count 1 of the Indictment.

        2) The Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the United States Attorney's Office, and any other law enforcement agency in the investigation of past crimes over which they have actual or apparent jurisdiction. This cooperation consists of all steps needed to uncover and prosecute such crimes including but not limited to truthfully answering investigators' questions, meeting with prosecutors before testifying, and truthfully testifying before grand juries and at trial and providing relevant objects, documents, and photographs in Defendant's possession or under his control. Defendant will neither commit nor assist others in the commission of any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until

4

all investigations and/or prosecutions in which his cooperation is deemed relevant by the United States have been completed. This provision is a material condition of this agreement and all benefits accruing to Defendant under the terms of this agreement.

b. <u>**Promises by the United States Attorney's Office for the Western District of Michigan**</u>

1) The United States Attorney's Office agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of his involvement in the distribution of controlled substances as more fully set forth in the Indictment in this matter. Crimes of violence, if any, are expressly excepted from this agreement. Defendant shall also remain liable for prosecution for any criminal activity he has failed to disclose to the United States as of the date of this agreement.

2) The United States Attorney's Office states that the information provided pursuant to the proffer already made will not be used by the United States Attorney's Office to enhance Defendant's sentence pursuant to U.S.S.G. §1B1.8 and according to the terms of the written agreement entered into between the parties immediately prior to the proffer.

3) The United States Attorney's Office agrees not to oppose a recommendation (if made) by the probation officer that the defendant should receive a three-level reduction in his base offense level pursuant to U.S.S.G. §3E1.1 for acceptance of responsibility provided Defendant complies with all the terms of this agreement, cooperates in all aspects with the United States Probation Office in its presentence investigation, and commits no other criminal offenses prior to sentencing.

5



    4) The United States Attorney's Office agrees to make a good faith evaluation of Defendant's cooperation in matters of cooperation of Defendant after his sentence. If, in the United States Attorney Office's opinion, Defendant has provided substantial assistance in the prosecution of other crimes involving other persons in the distribution and sale of controlled substances after his sentence, the United States Attorney's Office agrees to move for a reduction of Defendant's sentence. If such a motion is made, it will be made pursuant to Federal Rule of Criminal Procedure 35(b). Defendant understands that the determination of whether Defendant has provided substantial assistance to the United States will be made in the sole discretion of the United States Attorney. If the United States Attorney determines, after evaluating Defendant's cooperation, that a motion for reduction of sentence is not warranted this agreement remains in full effect. Defendant also understands that if the United States Attorney's Office recommends a reduction of sentence, it is a nonbinding recommendation, which the Court may or may not accept. <u>See</u> Federal Rule of Criminal Procedure 11(e)(1)(B).

8. The parties stipulate and agree that the United States was aware of a course of conduct by Defendant that involved more than 50 but less than 150 grams of crack cocaine for purposes of imposing sentence, this amount should be used to calculate the Defendant's base offense level under the federal Sentencing Guidelines.

9. If Defendant breaches this agreement at any time, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits that Defendant would otherwise be entitled to under the terms of this agreement. In the event that the United States elects to terminate the agreement,

the agreement shall be considered null and void, and the United States shall be free to bring such additional charges as the law, facts and situations, in its opinion, warrant.

10. It is agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

11. The United States and Defendant understand and agree

   a. that the Court is not bound by any recommendation regarding the sentence to be imposed (See Federal Rule of Criminal Procedure 11(e)(1)(B));

   b. that no one has promised or guaranteed to Defendant what sentence the Court will impose;

   c. that the Court may impose any sentence authorized by law, up to the maximum sentence set forth in paragraph 2(b) above.

12. Defendant fully understands the nature and the elements of the crimes charged against him as explained by his attorney and agrees that his plea is knowingly, voluntarily, and understandingly made.

13. Defendant acknowledges that no threats, promises, or representations have been made nor agreements reached, other than those set forth in this agreement, to induce Defendant to plead guilty.

14. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of Defendant's conduct regarding the charges against him, including matters of aggravation and mitigation relevant to the issue of sentencing.

7

15. The United States does not object to a defense request that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that it is the Bureau of Prisons that decides prison placement and that, while the Bureau often gives deference to a judicial recommendation, the Bureau does not have to follow the Court's recommendation.

MICHAEL H. DETTMER
United States Attorney

Dated: 12-19-97

BRIAN K. DELANEY (P45101)
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404

Dated: 12/19/97

DESMOND WADE
Defendant

Dated: 12/19/97

SHARON A. TUREK
Attorney for Defendant

245 S (Rev. 10/87) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Western District of Michigan

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| DESMOND WADE | Case Number: 1:97cr153-01 |
| | Sharon A. Turek |
| | Defendant's Attorney |

THE DEFENDANT:
- ■ pleaded guilty to Count 1.
- □ was found guilty on count(s) ** after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 21:841(a)(1) | 9/26/97 | 1 |

**Nature of Offense:**

Possession with Intent to Distribute a Quantity of Cocaine Base (Crack Cocaine)

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- □ The defendant has been found not guilty on count(s) **, and is discharged as to such count(s).
- □ Count(s) ** (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: March 30, 1998

CERTIFIED
ECF DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Michigan on ___4-2-98___

RONALD C. WESTON, SR., CLERK OF COURT

By: _____ Date: 3-11-08
    Deputy Clerk

DATED: APR -1 1998

HON. GORDON J. QUIST
U.S. DISTRICT JUDGE

AO 245 S (Rev. 10/87) Sheet 2 - Imprisonment

Judgment--Page 2 of 6
Defendant: DESMOND WADE
Case Number: 1:97cr153-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **125 months**.

■ The court makes the following recommendations to the Bureau of Prisons:

That the defendant participate in the Intensive 500 Hour Drug Treatment Program.

■ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district
    ☐ at __ a.m./p.m. on __.
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    ☐ before 2 p.m. on __.
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____ Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.

_____
United States Marshal

By_____
    Deputy Marshal

AO 245 S (Rev. 10/97) Sheet 3 - Supervised Release

Judgment—Page 3 of 6
Defendant: DESMOND WADE
Case Number: 1:97cr153-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

While on probation/supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions of supervision and shall comply with the following additional conditions:

The defendant shall not unlawfully possess a controlled substance and shall refrain from unlawful use of a controlled substance.

The defendant shall not possess a firearm, destructive device or other dangerous weapon.

The defendant shall notify the probation officer at least 15 days prior to any change in residence in accordance with the Violent Crime Control and law Enforcement Act of 1994.

The defendant shall submit to one drug test within 15 days of release on Probation or Supervised Release and at least two periodic drug tests thereafter within 60 days.

The defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 15 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 10/97) Sheet 6, Part A - Criminal Monetary Penalties

Judgment—Page 4 of 6
Defendant: DESMOND WADE
Case Number: 1:97cr153-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $5,000.00 | n/a |

### FINE

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties and delinquency pursuant to 18 U.S.C.§ 3612(g).

The court has determined that the defendant does not have the ability to pay interest. It is ordered that:
- ■ The interest requirement is waived.
- ☐ The interest requirement is modified as follows: **